Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005132
21-FEB-2014
09:41 AM

CAAP-13-0005132

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
KAYLYN GOWAN, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 12-1-1189)

AMENDED ORDER DISMISSING
APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over the appeal that Defendant-Appellant Kalyn A.R. Gowan (Appellant Gowan) has asserted from the Honorable Edward H. Kubo's October 9, 2013 "Findings of Fact, Conclusions of Law and Order Granting Motion to Dismiss Indictment" (the October 9, 2013 dismissal order), because the October 9, 2013 dismissal order does not contain a sentence, as Hawaii Revised Statutes (HRS) § 641-11 (Supp. 2013) requires for an appeal from a judgment in a criminal circuit court case.

"Appellate jurisdiction in a criminal case is purely statutory and exists only when given by some constitutional or

statutory provision." State v. Baxley, 102 Hawai'i 130, 133, 73 P.3d 668, 671 (2003) (citations and internal quotation marks omitted). The supreme court has

> enumerated several bases for jurisdiction from a circuit court judgment, stating that, in a criminal case, a defendant may appeal from the judgment of the circuit court . . . (1) pursuant to HRS § 641-11, (2) from an interlocutory order . . . pursuant to HRS § 641-17, (3) by virtue of the collateral order doctrine, . . . (4) by applying for a writ of prohibition or mandamus under HRS § 602-5(4), . . . and (5) by requesting exercise of this court's supervisory powers pursuant to HRS § 602-4[.]

Id. at 139, 73 P.3d at 677 (citations, internal quotation marks, original brackets, and footnote omitted). The relevant statute under the circumstances of the instant case is HRS § 641-11, which

> provides in part that any party deeming oneself aggrieved by the judgment of a circuit court in a criminal matter, may appeal to the supreme court. (Emphasis added.) Judgment is defined in HRS § 641-11 as the sentence of the court in a criminal case. Thus, by the terms of HRS § 641-11, the appealable action of the circuit court is the sentence. As we concluded in [State v.] Kealaiki[, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001)], the sentence of the court in a criminal case is the judgment from which an appeal is authorized, and where there is no conviction and sentence . . . , there can be no appeal under HRS § 641-11. . . . Accordingly, inasmuch as Defendant appeals from the judgment of acquittal, for which there is no sentence, there can be no jurisdiction under HRS § 641-11.

State v. Baxley, 102 Hawai'i at 139-40, 73 P.3d at 677-78 (citations, internal quotation marks, and original brackets omitted); see also State v. Ferreira, 54 Haw. 485, 487, 510 P.2d 88, 89 (1973) (Where a judgment of conviction does not include a sentence, then, under HRS § 641-11, "for purposes of appeal, we are of the opinion that the judgment entered in this case is not a final judgment conferring appellate jurisdiction on this court." (Footnote omitted)); State v. Johnston, 63 Haw. 9, 11, 619 P.2d 1076, 1077 (1980) ("In the instant case, appellant brought this appeal from the First Circuit Court's order denying his motion to dismiss the indictment. We hold that such an order is interlocutory and is not a final order or judgment. It is

therefore not one that is appealable under HRS § 641-11."); State v. Kealaiki, 95 Hawaiʻi 309, 312, 22 P.3d 588, 591 (2001) ("There having been no conviction and sentence in this case, there can be no appeal under HRS § 641-11 from the . . . order granting Defendant's plea deferral").

In the instant case, the October 9, 2013 dismissal order finally ended this circuit court criminal case by dismissing with prejudice all of Plaintiff-Appellee State of Hawaii's pending criminal charges against Appellant Gowan. Understandably, the October 9, 2013 dismissal order contains no sentence, but, the lack of any sentence in the October 9, 2013 dismissal order means that it does not qualify as an appealable judgment under HRS § 641-11. Consequently, we lack appellate jurisdiction over Appellant Gowan's appeal in appellate court case number CAAP-13-0005132. Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0005132 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions or requests in appellate court case number CAAP-13-0005132 are dismissed as moot.

DATED: Honolulu, Hawaiʻi, February 21, 2014.

Presiding Judge

Associate Judge

Associate Judge